# United States Court of Appeals for the Federal Circuit

---

**MICHAEL J. VAILLANCOURT,**
*Appellant,*

**v.**

**BECTON DICKINSON & COMPANY,**
*Appellee.*

---

2013-1408

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Reexamination No. 95/000,565.

---

Decided: April 24, 2014

---

DENNIS F. GLEASON, Jardim, Meisner & Susser, P.C., of Florham Park, New Jersey, argued for appellant. With him on the brief was FRANCIS J. HAND, Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C., of Roseland, New Jersey.

AMY K. WIGMORE, Wilmer Cutler Pickering Hale and Dorr, LLP, of Washington, DC, argued for appellee. With her on the brief were WILLIAM MCELWAIN, DAVID CAVANAUGH, and HEATHER PETRUZZI.

---

Before RADER, *Chief Judge*, LINN and TARANTO, *Circuit Judges.*

RADER, *Chief Judge.*

The Patent Trial and Appeal Board affirmed the rejection of all thirty-seven claims of U.S. Patent No. 6,699,221 on appeal from an inter partes reexamination. Appellant Michael J. Vaillancourt previously owned the '221 patent, but while the reexamination proceedings were still pending, he assigned all right, title, and interest in the patent to VLV Associates, Inc. Vaillancourt, and not VLV, now appeals the Board decision to this court. The only cause of action (right to sue) in this court that Vaillancourt invokes is 35 U.S.C. § 141, but the unambiguous language of that provision limits it to the patent owner. Though the parties in this case have argued about "standing," the Supreme Court recently clarified that some issues often discussed in "standing" terms are better viewed as interpretations of a statutory cause of action. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.,* 134 S. Ct. 1377, 1386-88 (2014). Because the issue here focuses on § 141, this opinion directly addresses the scope of that cause of action. As Vaillancourt is not the owner of the '221 patent, he cannot bring this appeal before the court, for lack of a cause of action. Accordingly, this court dismisses the appeal.

I.

Vaillancourt obtained ownership of the '221 patent from his mother through an assignment recorded with the U.S. Patent and Trademark Office on April 15, 2011. J.A. 1026. Vaillancourt represents that the assignment took effect November 1, 2005. *Id.* For the purposes of this appeal, the court assumes the assignment was proper but does not make any finding about the timing of the transfer.

On August 12, 2010, Appellee Becton Dickinson & Company (BD) requested an inter partes reexamination of the '221 patent. *Id.* at 2, 357. During the reexamination proceedings, Vaillancourt added claims 21 through 37 to the patent's original twenty claims. *Id.* at 443.

The patent examiner rejected all thirty-seven claims of the '221 patent. *Id.* at 510–55. Vaillancourt appealed these rejections to the Board on April 25, 2011. *Id.* at 680.

However, on April 24, 2012, while the reexamination appeal was still pending, Vaillancourt assigned to VLV "the entire right, title and interest in and to" the '221 patent, "including full and exclusive rights to sue upon and otherwise enforce" the patent. *Id.* at 1029.

Then on April 27, 2012, VLV initiated suit against BD for infringement of the '221 patent in the U.S. District Court for the District of New Jersey. *VLV Assocs. v. Becton Dickinson & Co.*, No. 12-2476 (D.N.J. 2012). VLV sued in its own name and did not join Vaillancourt to the suit.

On June 29, 2012, the Board affirmed all of the examiner's rejections. J.A. 766. Despite no longer being the owner of the '221 patent, Vaillancourt requested a rehearing with the Board in his own name. *Id.* at 837. The Board denied Vaillancourt's request to alter the prior affirmance of the examiner's rejections. *Id.* at 869.

Vaillancourt appealed to this court, identifying himself in the notice of appeal as both the patent owner and appellant. *Id.* at 871. Shortly thereafter, BD moved to dismiss the appeal for lack of jurisdiction. *Id.* at 971. On October 30, 2013, this court denied BD's motion without prejudice, noting that BD should make its jurisdictional arguments in its brief before the merits panel. *Id.* at 1044.

BD renewed its jurisdictional argument in its responsive brief. After consideration of the parties' arguments, this court determines that Vaillancourt may not bring this case under § 141 because he is no longer the patent owner.

## II.

Statutory interpretation focuses on the language of the statute itself. *See Wyeth v. Kappos*, 591 F.3d 1364, 1369 (Fed. Cir. 2010) (quoting *United States v. Hohri*, 482 U.S. 64, 68 (1987)). A statute's unambiguous language "must ordinarily be regarded as conclusive." *Id.* (quoting *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980)) (internal quotation marks omitted).

The applicable version of § 141 states, in pertinent part: "[a] patent owner . . . in an inter partes reexamination proceeding . . . dissatisfied with the final decision in an appeal to the Board. . .may appeal the decision only to the United States Court of Appeals for the Federal Circuit."

The unambiguous language of § 141 provides that a patent owner alone can appeal a final decision in an inter partes reexamination to this court. Thus, the statute itself sets the requirements for bringing an appeal here. The statute requires the patent owner to initiate any appeal.

## III.

Vaillancourt concedes, as he must, that he is not the owner of the '221 patent and that VLV, the actual owner, does not appear before this court in the appeal. Appellant Reply Br. 4; Oral Arg. at 2:52–3:40, *available at* http://oralarguments.cafc.uscourts.gov/default.aspx?fl=2013-1408.mp3. He therefore cannot bring this case under § 141.

Nevertheless, Vaillancourt claims in an affidavit that despite his assignment of the entire right, title, and interest in the '221 patent to VLV, he was "authorized to continue with all related proceedings including further appeals" in connection with the reexamination. J.A. 1027. With this purported retention of rights, and because he is apparently the sole owner of VLV, Vaillancourt asserts that he is authorized to proceed with this appeal on behalf of VLV. Appellant Reply Br. 8.

In essence, Vaillancourt suggests that § 141 allows a patent owner to delegate to a third party its authority to bring an appeal to this court. Appellant Reply Br. 4. Beyond the assertion of this concept, Vaillancourt offers no further support for his interpretation of the statute. *Id.* Instead, he states that while the unambiguous language of § 141 does not explicitly provide for such delegation, the section does not explicitly bar it either. *Id.* This assertion carries no weight in the face of a statutory requirement. The statute also does not forbid a patent owner's travel agent from filing an appeal, but that hardly justifies interpreting the statute to extend to such unmentioned categories. Section 141 grants a procedural right to the patent owner to appeal decisions from the PTAB. This court sees no reason—and Vaillancourt provides none—to extend that procedural right beyond what is clearly set forth in § 141.

VLV is indisputably the owner of the '221 patent, and held all right, title, and interest to the patent when Vaillancourt filed the notice of appeal with this court. Even if all of Vaillancourt's assertions are taken as true, it nevertheless remains that VLV did not bring this appeal and has made no appearance before the court.

Under the unambiguous language of § 141, Vaillancourt, the sole appellant here, has no cause of action to bring this appeal. Therefore, this court dismisses the appeal.

**DISMISSED**